PER CURIAM.
We granted writs in this case upon application of the defendant Shannon Lutze who complains that the Court of Appeal, on appeal from a judgment of bond forfeiture, should have set aside the trial court judgment ordering the forfeiture of her surety bond.
Defendant (and a surety) posted a $30,-000.00 personal surety bond to secure her release pending disposition of several criminal charges.[1] She was later billed with only one charge, the offense of B-Drinking.
She appeared for arraignment with her attorney on October 26, 1981 and entered a not guilty plea. The minutes of court for that day reflect simply that a pre-trial conference was set for January 27, 1982.
On January 27, 1982, defendant’s attorney appeared, but defendant did not personally attend the pre-trial conference. Thereupon, on motion of the state the court ordered her bond forfeited and a bench warrant issued for Lutze’s arrest, returnable April 2, 1982. On February 5, 1982 the judgment of bond forfeiture was read and signed in open court.
On April 2, 1982, the bench warrant was returned unexecuted, and defendant did not appear. Her attorney appeared, however, as did the prosecuting attorney who thereupon entered a motion to nolle prosequi the charge, dismissing the prosecution against Lutze. The state also filed a motion that day to recall and vacate the bench warrant and to vacate the judgment of bond forfeiture. However, the motion was denied in both respects by the trial judge, who, on his own motion, ordered the bench warrant continued to May 26, 1982.
On July 16, 1982 the defendant, through her attorney, filed a motion, or contradictory rule, to withdraw the bench warrant and *166 to cancel the surety bond forfeiture judgment on the basis that the case had been nolle prossed by the state on April 2, 1982 (just under two months after the judgment of bond forfeiture for non appearance). The judge denied defendant’s motion with reasons on December 8, 1982.
Defendant applied to the Court of Appeal for writs, but got only partial relief. The First Circuit Court of Appeal granted defendant’s writ in part and recalled and vacated the bench warrant for the reason that “the certified copy of the minutes of court do not reflect that defendant was ordered to personally appear at the pre-trial conference.” With respect to the judgment of bond forfeiture, the panel denied the writ application, asserting that the matter “is appealable as a civil proceeding to this Court_” State v. Lutze, No. 83-KW-0062 (La.App. 1st Cir.1983) (unpublished).
Thereafter, defendant did lodge a civil appeal to the First Circuit Court of Appeal contesting the bond forfeiture judgment. A different panel of that Court, however, rendered judgment, with one of three judges dissenting, affirming the trial judge’s refusal to vacate the judgment of bond forfeiture. State v. Lutze, 441 So.2d 1297 (La.App. 1st Cir.1983). In doing so, the court ignored its earlier finding that the trial court minutes did not indicate that the defendant had been personally ordered to appear at the pre-trial conference, the fundamental premise upon which the bond forfeiture judgment is based.
As correctly held by the Court of Appeal originally, wherein the court recalled and vacated the bench warrant, absent a minute entry indicating defendant’s personal appearance was required at the pre-triál conference, it was error to have ordered, because she did not appear at that conference, either a bench warrant issued for her arrest or her bond forfeited.

Decree

For the foregoing reasons the judgment of the trial court denying defendant’s motion to cancel the judgment of forfeiture of surety bond, and the judgment of the Court of Appeal affirming that judgment, are reversed; and it is ordered that the judgment of forfeiture awarding the State of Louisiana judgment against Shannon Lutze and her surety in solido, in the sum of $30,-000.00 with legal interest from date of forfeiture until paid, be and is hereby annulled, vacated and set aside.
DISTRICT COURT AND COURT OF APPEAL JUDGMENTS REVERSED; JUDGMENT OF FORFEITURE OF SURETY BOND ANNULLED, VACATED AND SET ASIDE.

. As set forth in the trial court’s written reasons for judgment, defendant “was arrested on charges of two counts of obscenity, one count of ‘B-Drinking’, possession of marijuana and possession of quaaludes,” although the state later only filed a bill of information charging her with the crime of B-Drinking.