SEXTON, Judge.
This Court granted writs in these two separate and factually unrelated causes to consider the propriety of bench warrants issued by the trial judge as a result of the failure of each defendant to appear at a preliminary stage of his case. Rejecting defendants’ contention that counsel may waive their presence at certain preliminary stages of the proceedings, we hold that a defendant who has been properly notified is obligated to appear at those proceedings. We therefore recall the writs issued in these two causes as improvidently granted and reinstate the bench warrants and bond forfeiture which we vacated in granting the writs.
The defendant Barbara Henderson was originally charged with middle grade felony theft as a result of alleged shoplifting on November 20, 1984. A motion to suppress was filed by defense counsel and the motion was set for trial on January 29, 1985. The record filed herewith shows that notice was sent to defendant’s surety in accordance with LSA-C.Cr.P. Art. 337 [1] on December 28, 1984 notifying defendant to appear on January 29, 1985.
On that date the defendant did not appear. Defense counsel attempted to waive the defendant’s presence. The trial court, after determining that the defendant had been present in open court when the motion to suppress was set for trial and also after *960 determining that a proper bond notice had been given, ordered the issuance of a bench warrant and a bond forfeiture.
We granted defendant’s writ application on May 7, 1985. In so doing, we recalled the bench warrant, vacated the bond forfeiture, and granted a stay order so that the cause could be docketed for our consideration of the propriety of the bond forfeiture and bench warrant.[2]
The situation with respect to the defendant Robert L. Reliford is somewhat similar. Reliford was arrested for the burglary of a vehicle alleged to have occurred on December 21, 1984. On January 22, 1985, Mr. Reliford was present with appointed counsel from the Indigent Defender Office when the cause was set for preliminary examination on February 20, 1985. On that date, the defendant failed to appear and a bench warrant was issued. The record does not indicate that this defendant’s surety was notified to have the defendant present on that date.
When the defendant Reliford did not answer the call at the time the preliminary examination was to be heard, counsel, who also represented Henderson, also attempted to waive his presence.[3] The state objected, contending that one of the issues in a preliminary examination is whether the defendant himself was the person who had been arrested and was therefore the proper party to be bound over for trial in the event probable cause was found. Defense counsel offered to stipulate that point. However, the trial court ruled that the defendant's presence at a preliminary examination could not be waived and ordered a bench warrant issued.
Subsequent to an application for writs, this Court granted a stay order as to this defendant as well, and ordered that the bench warrant be recalled so that the matter could also be docketed for a determination of whether the bench warrant was appropriately issued. We consolidated it with the Henderson case for joint consideration because of the apparent similarity of the issues.
In each case, applicant contends that Articles 831[4] and 834[5] of the Code of Criminal Procedure authorize counsel to waive defendant’s presence at the hearing in question. Moreover, counsel vigorously cites State v. Serrato, 424 So.2d 214 (La. 1982), as authority for this contention.
*961 We observe that State v. Serrato, supra, is of no assistance to the applicant Reliford who failed to appear at his preliminary examination, or to the applicant Henderson who failed to appear at her motion to suppress. In Serrato, as a minor part of that opinion, the Supreme Court held that the trial judge did not err in ruling on the admissibility of the defendant’s confession without the presence of either the defendant or his attorney. In so doing, the Supreme Court relied on LSA-C.Cr.P. Art. 834(1) which states that the defendant has a right to be present during the ruling on preliminary motions, but that his presence is not essential for the validity of the proceedings. This holding does not authorize a defendant’s absence. It simply holds that the proceedings were valid even if the defendant was absent.
The applicant Reliford particularly argues that because Art. 831, which delineates when a defendant must be present, does not include a preliminary examination, that the article authorizes the waiver of his presence by counsel. In this regard, we observe that a defendant has an absolute right to a preliminary examination. LSA-La. Const. Art. 1, § 14; LSA-C. Cr.P. Art. 292. The preliminary examination is usually the first serious stage of the proceedings. If the defendant is not present, the state will obviously have certain practical problems which include proof of the identity of the defendant as the alleged perpetrator.[6] On the other hand, this is only a “probable cause” hearing and the defendant is not obligated to present evidence. Any infirmity in the preliminary examination is, by definition, cured by the defendant’s adjudication of guilt or innocence.
However, LSA-C.Cr.P. Art. 294, dealing with examination of witnesses at a preliminary examination, states that the witnesses “shall be examined in the presence of the defendant” in the following terms:
At the preliminary examination the state and the defendant may produce witnesses, who shall be examined in the presence of the defendant and shall be subject to cross-examination. The defendant may also testify, subject to cross-examination_ (emphasis ours)
Moreover, the official revision comments to Art. 294 state:
(a) Although there were no provisions in the 1928 Louisiana Code of Criminal Procedure requiring the presence of the defendant during the examination of witnesses at the preliminary examination, or providing for their cross-examination, in all probability the guarantee of Const. Art. 1, § 9, that the accused shall be confronted with the witnesses against him, would apply to preliminary examinations ....
The provision of this article requiring the presence of the defendant during the examination of witnesses and giving him the right to cross-examine them, is based on A.L.I.Code, § 46, and is in accord with the laws of the majority of the other states.
Article 294 and the revision comment thereto make it clear that the defendant’s presence is required for a valid preliminary examination. Thus, any arguable solace the defendant Reliford receives from Art. 831’s failure to list a preliminary examination is overcome by Art. 294.
We believe that the question not only with respect to the defendant Reliford, but also with the respect to defendant Henderson who did not appear at her motion to suppress, is not whether counsel may waive their presence. The question becomes whether a defendant is required to be present when properly ordered by the court to appear in open court. The fact that the proceedings at issue are not deline *962 ated in Art. 831 and the fact that Art. 834 provides that a defendant’s presence “is not essential to the validity” of certain proceedings does not authorize defense counsel to waive the presence of his properly notified client. The section of the Code of Criminal Procedure dealing with the presence of the defendant, LSA-C.Cr.P. Arts. 831-836, is not intended to authorize the defendant’s absence. Rather, the purpose of those articles is to establish certain proceedings which may not occur without the defendant for his own protection, Arts. 831 and 835; to protect the state against the defendant’s voluntary temporary absence during certain proceedings, Art. 832;[7] and to allow certain discretionary proceedings to occur in the defendant’s absence, Art. 834.
We are particularly influenced in the foregoing interpretations by the articles of the Code of Criminal Procedure dealing with bail. A defendant admitted to bail has certain obligations stemming from the bail undertaking. Bail is the security given by a person to assure that he will appear in court “whenever required.” LSA-C.Cr.P. Art. 311. As a general rule, an arrested person, unless the charge is quite serious, has bail fixed shortly after arrest. However, if bail has not been set by the time of the preliminary examination, the court is mandated to do so then. LSA-C.Cr.P. Art. 296. The condition of the bail obligation is that the defendant will appear at “all stages of the proceedings ” and will submit himself to the orders and process of the court. LSA-C.Cr.P. Art. 330. The law requires that if the defendant’s appearance date is not fixed and the defendant’s presence is required, his surety must be given written notice of the time, date and place within a specified time frame. LSA-C. Cr.P. Art. 337. Moreover, this same article provides that additional notice to the surety is not necessary if the defendant appears as ordered and the proceeding is continued to a specific date.
We therefore determine that the law is clear that as part of the bail undertaking a defendant has an obligation to be present for a proceeding in open court if he has received a proper notice. The failure of the defendant to appear upon proper notice entitles the state to a bond forfeiture. LSA-C.Cr.P. Arts. 330 and 337. Additionally, that failure to appear is a breach of the bail undertaking and entitles the state to a warrant for the arrest of the defendant. LSA-C.Cr.P. Art. 341(1).[8]
Therefore, the propriety of the trial court actions at issue — the bond forfeiture regarding the defendant Henderson and the bench warrants with respect to both defendants — is dependent upon the validity of the notice each received.
The record reflects that the defendant Henderson was not only present when the motion to suppress was set but also shows that the defendant’s surety was properly notified to have the defendant present on that date. There is no doubt that the trial court action was appropriate regarding this defendant.
The issue with respect to the defendant Reliford is a bit more difficult. This defendant’s surety was not notified of the date of the preliminary examination and the trial court did not specifically advise the defendant to be present on that date. However, the defendant was present in open court when the preliminary exami *963 nation was set. As we have already noted, the law mandates his presence at a preliminary examination. Thus, the issue becomes whether the fixing of a preliminary proceeding in open court in the presence of the defendant is sufficient notice without specific court direction to the defendant to be present at that time. We hold that it is. As Art. 337 points out, the surety is not entitled to additional notice if the defendant has appeared as ordered and the proceedings are continued. The condition of the bail undertaking is that the defendant will appear at all stages of the proceedings. Art. 330. Thus, this defendant’s failure to appear is a violation of the bail obligation and an arrest warrant is authorized. Art. 341(1).
In summary, we find no conflict between LSA-C.Cr.P. Arts. 831, et seq. dealing with the presence of the defendant and LSA-C. Cr.P. Arts. 311, et seq. dealing with the right to bail, the nature of the bail undertaking and the obligations of the defendant and the surety with respect thereto. While upon cursory review these articles may seem to be in conflict, a more thorough analysis shows that such is not the case.
The bail articles require the defendant’s presence at all stages of the proceeding and provide for the forfeiture of the security and the defendant’s arrest if he does not appear at any stage when proper notice has been given. The articles dealing with the appearance of the defendant simply delineate certain proceedings which cannot be validly conducted without the defendant and merely indicate that certain cursory proceedings are not invalidated by his absence. These latter articles do not authorize his absence if he is on bail and has been properly ordered to appear for the court proceeding.
In so determining, we are mindful of State v. Lutze, 452 So.2d 165 (La.1984). In that case, the defendant did not appear for a pre-trial conference set subsequent to his not guilty plea. Since Lutze did not involve a court appearance, the per curiam action of the Supreme Court in vacating that defendant’s arrest warrant is not in conflict herewith.
We determine that both defendants, under their bail obligation, were obligated to be present at a stage of the court proceedings and had sufficient notice thereof. Their absence contrary to appropriate notice entitles the state to the remedies invoked here.
We therefore find that the writs granted in each of these cases were improvidently granted and that action is hereby vacated in each case; and the bench warrants previously recalled with respect to both defendants by orders of this court are hereby reinstated, as is the bond forfeiture which we vacated with respect to the defendant Henderson.
WRITS RECALLED, and BOND FORFEITURE and BENCH WARRANTS REINSTATED.

. Art. 337. Notice to surety of time and place of appearance
When a bail bond does not fix the appearance date, and the presence is required of a person who has been released on bail in a felony case, his surety shall be given written notice of the time, date, and place the principal is required to appear. The notice shall be delivered to the surety by an officer designated by the court, at least two days prior to the day set for the appearance, or may be mailed to the surety at least three days prior to the day set for the appearance. When a bail bond fixes the appearance date, no additional notice is required to be given to the defendant or the surety. If the principal appears as ordered and the proceeding is continued to a specific date, the surety need not be given notice of the new appearance date. Failure to give notice, as required by this Article, relieves the surety from liability on a judgment of forfeiture for the defendant’s nonappearance on that particular date.

. We were not aware that the sheriff sent a bond notice to defendant’s surety in accordance with LSA-C.Cr.P. Art. 337 until we had the benefit of the state’s motion to supplement the record which we sustained subsequent to the granting of the writ. Counsel for applicant did not favor us with that information in the application.

. In both the Reliford and Henderson cases it appears that counsel had no knowledge of why the defendant was not present and offered to waive the defendant’s presence solely in an effort to prevent bench warrants from issuing for each defendant’s arrest.

. Art. 831. Presence of defendant when prosecution is for felony
A defendant charged with a felony shall be present:
(1) At arraignment;
(2) When a plea of guilty, not guilty, or not guilty by reason of insanity is made;
(3) At the calling, examination, challenging, impanelling, and swearing of the jury, and at any subsequent proceedings for the discharge of the jury or of a juror;
(4) At all times during the trial when the court is determining and ruling on the admissibility of evidence;
(5) In trials by jury, at all proceedings when the jury is present, and in trials without a jury, at all times when evidence is being adduced; and
(6) At the rendition of the verdict or judgment, unless he voluntarily absents himself.

.LSA-C.Cr.P. Art. 834:
Art. 834. When presence of defendant not necessary
The defendant has a right to be present, but his presence is not essential to the validity of any of the following proceedings in a criminal prosecution:
(1) The making, hearing, of, or ruling on a preliminary motion or application addressed to the court;
(2) The making, hearing of, or ruling on a motion or application addressed to the court during the trial when the jury is not present; except as provided in Clause (4) of Article 831; and
(3) The making, hearing of, or ruling on a motion or application made after his conviction.

. Certainly there are also significant potential problems for the state when the defendant does not appear for a motion to suppress and his presence is waived by counsel. Assuming the defendant does not waive any such defects in the motion to suppress by later pleading guilty, any unauthorized waiver of his presence at a motion to suppress seems to present a strong possibility for a claim of incompetent or ineffective counsel.

. LSA-C.Cr.P. Art. 832:
Art. 832. Waiver by temporary voluntary absence
A defendant charged with a felony not punishable by death cannot object to his temporary voluntary absence at the proceedings listed in Article 831 if his counsel was present. However, the defendant may always object to his absence at the arraignment or plea to the merits, provided the objection is made before the commencement of trial.

. LSA-C.Cr.P. Art. 341 in pertinent part:
Art. 341. Court order for arrest of defendant
The court in which the defendant is held to answer may issue a warrant for the arrest and commitment of the defendant who is at large on bail when:
(1) There has been a breach of the bail undertaking;