DOMENGEAUX, Judge.
John Henry McClintock, the appellant, was indicted on September 11, 1981, by a grand jury in Rapides Parish, Louisiana, for aggravated rape, a violation of La.R.S. 14:42. McClintock, at his arraignment on October 21, 1981, pled not guilty. Subsequent to a sanity hearing held on February 3,1983, the appellant was found to possess sufficient mental capacity to proceed to trial.
McClintock was tried before a jury of twelve on May 16, 18 and 19, 1983. He was found guilty and sentenced on May 25, 1983, to life imprisonment at hard labor without the benefits of parole, probation or suspension of sentence. On January 29, 1988 appellant was granted this out-of-time appeal.
FACTS
The victim in this case, a thirteen-year-old girl, lived with Mary Smith,[1] an elderly, physically incapacitated, woman. The victim’s sister was living with Smith’s nephew, Michael Jones, who resided in another bedroom in the Smith home. On the morning of August 14, 1981, the victim and Smith were in Smith’s bedroom laying in her bed talking. Smith’s three-year-old nephew, Arnold Jones, was sleeping in the bed between them. An intruder appeared in the doorway of the bedroom having entered from the kitchen. He had a jacket pulled over his head and told Smith and the victim to be quiet and do what he said.
The intruder, armed with a handgun removed the victim’s clothing and ordered her to spread her legs. Smith began to holler and was struck on the head by the defendant with his gun. Smith began to bleed severely. Smith being unable to leave the bed told her three-year-old nephew to run to the front bedroom to wake Michael Jones and Linda Kelley, Michael’s girlfriend and the victim’s sister. The intruder caught Arnold and threw him back into the bed where Arnold cried himself to sleep. Michael Jones and Linda Kelley never heard the rape because there was a great distance between the two bedrooms and the latter two had gone to sleep with the television and a fan on.
The intruder then engaged in nonconsen-sual sexual intercourse with the thirteen-year-old victim. The victim at one point lost consciousness during the initial attack. The intruder then went to the kitchen to get a glass of water forcing the victim to go with him. The ceiling light in the kitchen was on and illuminated the face of the intruder who had by this time relinquished his efforts to hide his face. In the kitchen, the intruder again forced the victim to engage in sexual intercourse.
The intruder and the victim then returned to the bedroom where he called Smith by her nickname “Ida” and asked about a picture of Jesus that had been *1233 hung in the front room years before, when as a youngster he would play with Michael Jones. When the intruder stood in the doorway, Smith was able to see his face in the light and recognize him.
The police were summoned when the defendant left and the victim was immediately taken to the hospital to have a rape kit prepared. Smith then identified the appellant as the intruder. The victim and Smith both independently identified the appellant as the assailant out of a photographic lineup of five pictures. During courtroom testimony, both again made positive identifications of McClintock as the rapist.
A rape kit was also prepared for the appellant. A lab analysis showed that the victim had type O, 1 + 1 — blood and was a secretor. The semen taken from the victim and her panties was from a person with type 0, 2 + 1 + blood who was a secretor. The appellant’s blood type matched the blood type of the semen, although approximately ten percent of all black males are type 0, 2 + 1 + secretors.
McClintock did attempt to establish an alibi. He presented testimony that he spent the night of the rape at a wedding reception and that when the rape occurred he was with his brother.
ASSIGNMENT OF ERROR NO. 1
The appellant argues that an error was committed when his motion to dismiss his attorney and have new counsel appointed was denied. This development occurred after voir dire, but before trial began. The Trial Judge asked if the appellant desired to represent himself or to have another attorney, to which the appellant replied the latter.
There is some discrepancy as to whether the appellant’s counsel was appointed by the Court or retained. In either circumstance, the appellant’s right to counsel was not violated.
A defendant’s right to the assistance of counsel is basic to our legal system and guaranteed by both federal and state law. U.S. Const.Amend. VI; La. Const. Art. I § 13 (1974); La.Code Crim.Proc. art. 511. However, that right cannot be manipulated to obstruct the orderly procedure of the courts or to thwart the administration of justice. State v. Seiss, 428 So.2d 444 (La.1983); State v. Champion, 412 So.2d 1048 (La.1982); State v. Johnson, 389 So.2d 1302 (La.1980); State v. Harper, 381 So.2d 468 (La.1980). Absent evidence that an attorney is incompetent, unprepared or burdened with a conflict of interest, a trial court has no duty to grant a defendant new counsel. Harper, supra; State v. Frezal, 278 So.2d 64 (La.1973).
The right to counsel of choice must be exercised at a reasonable time, in a reasonable manner and at an appropriate stage of the proceedings. State v. Simms, 505 So.2d 981 (La.App. 3rd Cir.1987); Seiss, supra; State v. Leggett, 363 So.2d 434 (La.1978). “Absent a justifiable basis, there is no constitutional right to make a new choice of counsel on the very date trial is to begin, with the attendant necessity of a continuance and its disrupting complications.” Simms, supra, at 984. We further stated in Simms:
Once the trial date has arrived, the question of withdrawal of counsel largely rests with the discretion of the trial judge. The Louisiana Supreme Court has frequently upheld the trial court’s denial of motions for withdrawal of counsel made on the day of trial when the defendant is dissatisfied with his present attorney but had ample opportunity to retain private counsel. Simms, supra at 984.
The case at bar presents an instance in which the appellant offered no objective complaint about his counsel’s performance, but simply proclaimed dissatisfaction. A request for court appointed counsel, assuming the appellant’s counsel was retained, requires more; it also requires a finding that the appellant was indigent. La.Code Crim.Proc. art 513; La.R.S. 15:147. In addition, to show reversable error, prejudice to the appellant from the continued representation by the attorney must be shown. State v. Jones, 376 So.2d 125 (La.1979).
No prejudice is apparent because counsel presented a competent defense. The denial *1234 of McClintock’s request for a new attorney based on subjective grounds after the jury had been impaneled was not an abuse of discretion, particularly in light of the inconvenience such a change would have entailed and in light of the lack of prejudice the appellant suffered.
This assignment of error lacks merit.
ASSIGNMENT OF ERROR NO. 2
The appellant next argues that the absence of his presence at his sanity hearing was error, despite the fact that his attorney was present. It is claimed by McClin-tock that a sanity hearing is a critical stage of the prosecution and that this fact required his presence. The appellant also urges that because a judge at a sanity hearing makes a factual determination as to the ability of an appellant to stand trial, a defendant must be present for personal examination by the judge and that such a decision may not be made entirely on the basis of expert testimony.
La.Code Crim.Proc. art. 831 lists the times during criminal proceedings at which a defendant must be present. A sanity hearing is not included in the listing. La. Code Crim.Proc. art. 834 lists certain proceedings at which a defendant should be present, but for which his absence does not render the proceedings invalid. Hearings on pretrial motions are one type of proceedings where a defendant’s presence is not deemed essential.
The hearing on a motion to sever, a motion for a continuance, a motion to suppress and a preliminary examination have been found to fall within the purview of article 834. State v. Kahey, 436 So.2d 475 (La.1983); State v. Serrato, 424 So.2d 214 (La.1982).
In the case at bar, the appellant’s attorney was present yet did not object. The Louisiana Supreme Court in Kahey, summarized the law in this area by stating:
Presence of the defendant is a condition of due process to the extent that a fair and just hearing would be thwarted by his absence, and to that extent only. Therefore, the presence of the defendant is only essential at proceedings which have a reasonably substantial relation to the fullness of the opportunity of the defendant to defend against the charge. Snyder v. Commonwealth of Massachusetts, 291 U.S. 97, 54 S.Ct. 330, 78 L.Ed. 674 (1934). From this principle has emerged the general rule that no claim of error, or at least no claim of prejudicial error, can be based upon the exclusion or absence of a defendant, pending his trial on a criminal charge, from the courtroom, or from the conference between court and attorneys, during argument on or discussion of a question of law. See C. Torcia, Wharton’s Criminal Procedure § 483 at 342 (12th ed. 1975); 85 A.L.R.2d 1111, 1114. Cf. State v. Monk, 315 So.2d 727 (La.1975); State v. Leblanc, 116 La. 822, 41 So. 105 (1906); State v. Pierre, 39 La.Ann. 915, 3 So. 60 (1887).
The Louisiana rule affords the defendant greater rights. Louisiana Code of Criminal Procedure article 834 provides that the defendant has the right to be present during the making, hearing of, or ruling on a preliminary motion or application addressed to the court. But this right may be waived by the defendant or his attorney, by his voluntary absence or his failure to object to argument or discussion during his absence. See, Deschenes v. United States, 224 F.2d 688 (10th Cir.1955). Cf. La.C.Cr.P. art. 831(6); Torcia, supra, at 388, 342. Kahey, supra at 483-94.
In State v. Henderson, 471 So.2d 958 (La.App. 2nd Cir.1985), reversed, 475 So.2d 1098 (La.1985), the Second Circuit rendered a lengthy opinion on the need for the presence of a defendant at a preliminary examination. The Supreme Court, interpreting article 831 narrowly and article 834 broadly, overruled the Second Circuit, holding:
Unless properly notified by the Court that defendant must appear personally ‘his presence is not essential’ C.Cr.P. art. 834 and may be waived in any proceeding designated in C.Cr.P. art. 834. Henderson, supra at 1098.
*1235 A hearing to determine mental competence is the result of a preliminary motion before trial. La.Code Crim.Proc. arts. 642 and 647. Therefore, article 834 is dis-positive of the lack of reversible error when the defendant was not present at the sanity hearing, but his counsel was.
This assignment of error lacks merit.
For the above and foregoing reasons the conviction of John Henry McClintock is affirmed.
AFFIRMED.

. All names, including nicknames, with the exception of the defendant's name, have been changed to protect the identity of the victim.