679 So.2d 1365 (1996)
STATE of Louisiana
v.
Curtis J. FRANK.
No. 96-K-1136.
Supreme Court of Louisiana.
October 4, 1996.
*1366 Granted in part; denied in part. The Supreme Court's decision in Cooper v. Oklahoma, ___ U.S. ___, 116 S.Ct. 1373, 134 L.Ed.2d 498 (1996) makes clear that La. C.Cr.P. art. 648(A), as amended by 1990 La. Acts. No. 755, violates the Due Process Clause to the extent that it requires the defendant in a criminal prosecution to prove his incompetency to stand trial by clear and convincing evidence. Cooper has returned Louisiana to this Court's jurisprudential rule that a criminal defendant need prove his incapacity to proceed only by a clear preponderance of the evidence. State v. Brooks, 541 So.2d 801, 805 (La.1989); State v. Machon, 410 So.2d 1065, 1067 (La.1982). The trial court's ruling is therefore vacated and this case is remanded for retrial of the competency hearing. The defendant may appeal once more from an adverse ruling on the question of his competency to stand trial. In all other respects, the application is denied.
BLEICH, J., would deny the writ.
WATSON, J., not on panel.