701 So.2d 688 (1997)
STATE of Louisiana
v.
Derrick GAINES.
No. 97-K-1327.
Court of Appeal of Louisiana, Fourth Circuit.
September 17, 1997.
*689 Derrick Gaines, Angola, Pro Se, Relator.
Harry F. Connick, District Attorney of Orleans Parish, Val M. Solino, Assistant District Attorney of Orleans Parish, New Orleans, for Respondent.
Before BYRNES, JONES and WALTZER, JJ.
*690 WALTZER, Judge.

STATEMENT OF THE CASE
On 6 March 1991, relator was found guilty of armed robbery. He was sentenced on 14 March 1991, to serve thirty years at hard labor without benefit of parole. On 11 October 1991, relator was adjudicated a second felony offender. The trial court vacated the original sentence and resentenced relator to serve forty-nine and one-half years at hard labor without benefit of parole. This Court affirmed the conviction and sentence. State v. Gaines, unpub., 91-0703 (La.App. 4 Cir. 3/30/93).
In writ 94-K-0220, this Court reviewed the merits of a motion to correct an illegal sentence in which relator raised two claims: (1) the trial court failed to vacate the original sentence prior to imposing the multiple offender sentence; and (2) the trial court failed to inform relator of the right to remain silent. Finding relator's claims to be without merit, this Court denied the writ on 23 March 1994. The relator urged the same claims in his next writ, 95-K-0070, and relief was again denied.
The relator then came before this Court seeking review of the trial court's denial of an application for post conviction relief which had been filed on 19 October 1995 and denied on 18 December 1995. In the application, relator raised the following claims: (1) counsel was ineffective for his failure to object to certain testimony during the trial; (2) the trial court erred in failing to inform him of the nature of the multiple offender proceedings; (3) the trial court erred in failing to vacate the sentence prior to imposing the multiple offender sentence; and (4) the trial court failed to comply with the sentencing guidelines of La.C.Cr.P. art. 894.1. This Court found no error in the judgment of the trial court. State v. Gaines, unpub. 96-0157 (La.App. 4 Cir. 2/27/96).
In the instant writ application, the relator seeks review of the 16 May 1997 denial of a second application for post conviction relief which was filed on 8 April 1997. The sole claim raised by the relator is that he was denied due process of law when the trial court applied a standard of clear and convincing evidence at his pretrial competency hearing which had been held on 19 February 1991. The relator provides a copy of the transcript of that hearing to support his claim.

DISCUSSION
The issue posed in this writ application arises from the 1990 amendment to La. C.Cr.P. art. 648(A). Prior to the amendment, the article did not state a standard of proof required by the defendant to prove his incompetency. The jurisprudence had required that the defendant prove his incompetency to stand trial by a "preponderance of the evidence" only. State v. Bennett, 345 So.2d 1129 (La.1977). However, in 1990 the legislature amended Article 648 to require the defendant to prove his incompetency by "clear and convincing evidence". In Cooper v. Oklahoma, 517 U.S. 348, 116 S.Ct. 1373, 134 L.Ed.2d 498 (1996), the Court held that the States may not require defendants to prove their capacity to proceed by any standard greater than a preponderance of evidence. In State v. Frank, 96-1136 (La.10/4/96), 679 So.2d 1365, the Court in a per curiam decision noted that the decision in Cooper applied to La.C.Cr.P. Article 648 and returned Louisiana to the rule prior to the 1990 amendment wherein the defendant's burden of proof was a preponderance of the evidence only. See also State v. Wilson, 28,403 (La.App. 2 Cir. 8/21/96), 679 So.2d 963.
Because the defendant's conviction and sentence were final before Cooper was decided, the issue now arises of whether Cooper may be retroactively applied and/or whether the relator's failure to raise the claim in earlier proceedings, including direct appeal, bars consideration of the claim. The issue is pertinent because Louisiana's statutory scheme for post conviction relief proceedings provides several procedural bars. La. C.Cr.P. art. 930.4 provides in part:
* * * * * *
B. If the application alleges a claim of which the petitioner had knowledge and inexcusably failed to raise in the proceedings leading to the judgment of conviction, the court may deny relief.

*691 C. If the application alleges a claim which the petitioner raised in the trial court and inexcusably failed to pursue on appeal, the court may deny relief.
D. A successive application may be dismissed if it fails to raise a new or different claim.
E. A successive application may be dismissed if it raises a new or different claim that was inexcusably omitted from a prior application.
* * * * * *
La.C.Cr.P. art. 930.8 A provides that no application for post conviction relief shall be considered if it is filed more than three years after the judgment of conviction and sentence has become final. Exceptions are provided for, of which the second may be applicable to the relator's claim:
(2) The claim asserted in the petition is based upon a final ruling of an appellate court establishing a theretofore unknown interpretation of constitutional law and petitioner establishes that this interpretation is retroactively applicable to his case, and the petition is filed within one year of the finality of such ruling.
In light of the codal articles, the State was ordered to file a response to the relator's application specifically concerning the issue of (a) whether Cooper v. Oklahoma is to be applied retroactively, (b) whether the failure to raise a Cooper claim on appeal precludes raising one on post conviction relief, and (c) whether the failure to raise a Cooper claim on appeal may arguably constitute "ineffective assistance" of counsel.

THE RETROACTIVITY OF COOPER V. OKLAHOMA
The State argues that Cooper is a "new rule" within the meaning of Teague v. Lane, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989)[1] and does not come within either of the two exceptions to the general rule that "new rules" are not applied retroactively to cases which have become final before the new rules are announced. The relator argues in the alternative that Cooper did not announce a new rule, but that if it did, it should be applied retroactively pursuant to one of the exceptions discussed in Teague.
In Teague the Court adopted an approach to retroactivity which had been set forth by Justice Harlan in his dissent in Mackey v. U.S., 401 U.S. 667, 675, 91 S.Ct. 1160, 1171, 28 L.Ed.2d 404 (1971). The first determination to be made is whether a case announces a new rule. Generally, a case announces a new rule "when it breaks new ground or imposes a new obligation on the States or the Federal Government ... [or] if the result was not dictated by precedent existing at the time the defendant's conviction became final." Teague v. Lane, 489 U.S. at 301, 109 S.Ct. at 1070 (emphasis in original). The rationale for distinguishing "new rules" for retroactivity purposes, according to Justice Harlan, lay in the purpose behind habeas corpus relief and collateral review, which was to ensure that judges conducted their proceedings "in a manner consistent with established constitutional principles." Desist v. U.S., 394 U.S. 244, 263, 89 S.Ct. 1030, 1041, 22 L.Ed.2d 248 (1969). In order to accomplish this, it is necessary in collateral proceedings only to "apply the constitutional standards that prevailed at the time the original proceedings took place." Id.
As was noted by the Court in Butler v. McKellar, 494 U.S. 407, 412-13, 110 S.Ct. 1212, 1216, 108 L.Ed.2d 347 (1990):
A new decision that explicitly overrules an earlier holding obviously "breaks new ground" or "imposes a new obligation." In the vast majority of cases, however, where the new decision is reached by an extension of the reasoning of previous cases, the inquiry will be more difficult....
In applying Teague to the matter before it, which was whether the Court's decision in Arizona v. Roberson, 486 U.S. 675, 108 S.Ct. 2093, 100 L.Ed.2d 704 (1988) should be applied retroactively, the Butler court further stated:
But the fact that a court says that its decision is within the "logical compass" of *692 an earlier decision, or indeed that it is "controlled" by a prior decision, is not conclusive for purposes of deciding whether the current decision is a "new rule" under Teague. Courts frequently view their decisions as being "controlled" or "governed" by prior opinions even when aware of reasonable contrary conclusions reached by other courts.
Butler, supra, 494 U.S. at 415, 110 S.Ct. at 1217.
Ultimately in Butler, the Court concluded that Roberson was a new rule and did not fall within any exceptions which would mandate its retroactive application. In so doing, the Court noted that in Roberson the Court had acknowledged that there was a significant difference of opinion among several lower courts which had considered the same issue, which would indicate that the "outcome in Roberson's was susceptible to debate among reasonable minds" even though the Court in Roberson had indicated that its earlier decision in another case was "controlling." Butler at 415, 110 S.Ct. at 1217.
As was noted by the Louisiana Supreme Court in State ex rel Taylor v. Whitley, supra, 606 So.2d at 1296, the Teague rule as defined in Butler was further "refined" by the Court in Saffle v. Parks, 494 U.S. 484, 488, 110 S.Ct. 1257, 1260, 108 L.Ed.2d 415 (1990):
"The `new rule' principle therefore validates reasonable, good-faith interpretations of existing precedents made by state courts even though they are shown to be contrary to later decisions." Butler, supra, 494 U.S., at 415, 110 S.Ct., at 1217. Under this functional view of what constitutes a new rule, our task is to determine whether a state court considering Parks' claim at the time his conviction became final would have felt compelled by existing precedent to conclude that the rule Parks seeks was required by the Constitution.
Turning to the application of Teague to Cooper, one striking aspect of Cooper is that the Court was considering a "rather new state statute" which purported to overrule "long standing precedents" which existed in almost all, if not all, of the fifty states and federal courts. Walker v. State, 933 P.2d 327, 339 (Okla.Crim.App.1997), cert. denied ___ U.S. ___, 117 S.Ct. 2524, 138 L.Ed.2d 1024 (1997). For example, the Court in Cooper noted that "there is no indication that the rule [requiring a defendant to prove his incompetency by clear and convincing evidence] Oklahoma seeks to defend has any roots in prior practice. Indeed, it appears that a rule significantly more favorable to the defendant has had a long and consistent application." Cooper, supra, 517 U.S. at ___, 116 S.Ct. at 1377. The Court then undertook a lengthy review of the jurisprudence which had imposed a standard not greater than a preponderance of the evidence. The Court also emphasized that "[n]o one questions the existence of the fundamental right" of a defendant not to be tried if he is incompetent. Cooper, supra, 517 U.S. at ___, 116 S.Ct. at 1376. Finally, the Court noted that "we are aware of no decisional law from this country suggesting that any State employed Oklahoma's heightened standard until quite recently." Cooper, supra, 517 U.S. at ___, 116 S.Ct. at 1379. The Court stated:
Contemporary practice demonstrates that the vast majority of jurisdictions remain persuaded that the heightened standard of proof imposed on the accused in Oklahoma is not necessary to vindicate the State's interest in prompt and orderly disposition of criminal cases. Only 4 of the 50 States presently require the criminal defendant to prove his incompetence by clear and convincing evidence. [Ftn. 16. Conn. Gen. State. § 54-56d(b) (1995); Okla Stat., Tit. 22, § 1175.4 (1991); 50 Pa. Cons.Stat. § 7403(a) (Supp.1995); and R.I. Gen. Laws § 40.1-5.3-3 (Supp.1995). The adoption of the clear and convincing evidence standard by Oklahoma and Connecticut may have been a response to this Court's decision in Addington v. Texas, 441 U.S. 418, 99 S.Ct. 1804, 60 L.Ed.2d 323 (1979). We discuss Addington, infra at ___ _ ___, 116 S.Ct. at 1383-1384.] ... The situation is no different in federal court. Congress has directed that the accused in a federal prosecution must prove incompetence by a preponderance of the evidence. 18 U.S.C. *693 § 4241.[[2]],[[3]]
The near-uniform application of a standard that is more protective of the defendant's rights than Oklahoma's clear and convincing evidence supports our conclusion that the heightened standard offends a principle of justice that is deeply "rooted in the traditions and conscience of our people." Medina v. California, 505 U.S. [437], at 445, 112 S.Ct. [2572], at 2577, 120 L.Ed.2d 353....
Cooper, supra, ___ U.S. at ___, 116 S.Ct. at 1380.
Overall, it appears that Cooper did not announce a new rule of law. The Court's opinion makes no mention of any previous jurisprudence or traditions except those which had imposed a lesser burden of proof on a defendant in a competency hearing. It appears that Cooper was the first occasion on which the Court was asked to consider what burden of proof, as a constitutional matter, could be imposed on a defendant.[4] It was the first time because of the rooted tradition that a defendant's burden was to prove his incompetence only by a preponderance of the evidence.[5]

IS THE RELATOR PROCEDURALLY BARRED FROM RAISING HIS CLAIM?
A defendant is procedurally barred from raising a claim on post conviction relief if he could have done so on appeal or in prior applications. Courts in Louisiana had always interpreted La.C.Cr.P. art. 648 prior to the 1990 amendment so that a preponderance of the evidence standard was used. Prior to the 1990 amendment, Article 648 provided that, after the appointment of a sanity commission which automatically stays all proceedings pursuant to La.C.Cr.P. art. 642, "[t]he criminal prosecution shall be resumed if the court determines that the defendant has the mental capacity to proceed." No specific burden was allocated; however, La. R.S. 15:432 provides that the law presumes a defendant's sanity. Courts uniformly held that the defendant had the burden of proving his incompetence by a clear preponderance of the evidence. State v. Brooks, 541 So.2d 801 (La.1989); State v. Rogers, 419 So.2d 840 (La.1982). However, even after the 1990 amendment to Art. 648, appellate courts in Louisiana continued to review competency proceedings under a preponderance of the evidence standard. See State v. Billiot, 94-2419 (La.App. 1 Cir. 4/4/96), 672 So.2d 361, writ denied, 96-1149 (La.10/11/96), 680 So.2d 655; State v. Bibb, 626 So.2d 913 (La. App. 5 Cir.1993), writ denied 93-3127 (La.9/16/94), 642 So.2d 188.[6] Thus, had a defendant alleged on appeal that the trial court erroneously found him competent to proceed, such a challenge probably would have been considered under the established jurisprudential rule which is constitutional under Cooper. At the least, a challenge to La.C.Cr.P. art. 648 as amended could have been formulated because, on its face, the article altered all existing jurisprudence. Using this same analysis, Oklahoma has concluded that a claim under Cooper is barred on post conviction relief because Cooper, based upon long established, well-recognized *694 legal principles, is not a new rule and because the claim was available on appeal. Walker v. State, supra; Valdez v. State, 933 P.2d 931, 932 (Okla.Crim.App.1997).
Relator's claim is procedurally barred because it was not raised on appeal and not raised in the relator's prior post conviction relief application. Furthermore, because Cooper is not a new rule of law, the instant application is barred by the three-year limitation of La.C.Cr.P. art. 930.8.

INEFFECTIVE ASSISTANCE OF COUNSEL ISSUE
We asked the prosecution to address the question whether relator's appellate counsel was ineffective for having failed to raise a challenge to the competency proceeding because an issue may be raised on post conviction relief if the failure to raise on appeal was "excusable." La.C.Cr.P. art. 930.4. The State argues that because Cooper is a new rule, counsel was not ineffective for failing to raise the claim. The State relies on State v. Wolfe, 630 So.2d 872 (La.App. 4 Cir.1993), writ denied 94-0448 (La. 10/28/94), 644 So.2d 648, in which this Court held that the failure to object to a Cage v. Louisiana, 498 U.S. 39, 111 S.Ct. 328, 112 L.Ed.2d 339 (1990) jury instruction did not constitute deficient conduct, primarily because that instruction had been upheld on numerous prior occasions. However, because Cooper is not a new rule, the State's reliance on Wolfe is misplaced.
The relator does not address the issue of whether counsel may have been ineffective. However, we note that Oklahoma rejected a post conviction claim that appellate counsel was ineffective for not raising a Cooper claim on appeal. Valdez v. State, supra. The court did so after finding that the defendant had failed to present any facts in support of the allegation but instead had simply averred that counsel omitted a potentially meritorious claim. Because a mere conclusory statement of deficient conduct is considered insufficient under Oklahoma law, as it would be in Louisiana, the court rejected the claim summarily. Id., at 934.

EVIDENCE ADDUCED AT THE COMPETENCY HEARING
Because we ordered that the ineffective assistance of counsel claim be briefed by both sides and important policy issues are implicated, we have examined the entire record of the competency hearing.
The relator in this case provided the Court with the purported transcript of the competency hearing in his case. In its response brief, the State argued, as a threshold matter, that a review of that transcript shows that, even if the evidence had been considered under a preponderance of evidence standard, the trial court correctly concluded that the relator was competent. This analysis is similar to that which would be undertaken in the context of an ineffective counsel claim wherein the defendant must meet the two-prong test of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); State v. Fuller, 454 So.2d 119 (La. 1984). The defendant must show that counsel's performance was deficient and that the deficiency prejudiced the defendant. Counsel's performance is ineffective when it can be shown that he made errors so serious that counsel was not functioning as the "counsel" guaranteed to the defendant by the Sixth Amendment. Strickland, supra, 466 U.S. at 686, 104 S.Ct. at 2064. Counsel's deficient performance will have prejudiced the defendant if he shows that the errors were so serious as to deprive him of a fair trial. To carry his burden, the defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, supra, 466 U.S. at 693, 104 S.Ct. at 2068. The defendant must make both showings to prove that counsel was so ineffective as to require reversal. State v. Sparrow, 612 So.2d 191, 199 (La.App. 4 Cir.1992).
Our review of the transcript available to this Court convinces us that the State's argument has merit. One member of the sanity commission, Dr. Aris Cox, testified that he and Dr. Braden examined the defendant and found him competent to proceed *695 because (1) the defendant showed no signs or symptoms of mental illness; (2) he was alert and oriented; (3) he was aware of the charges against him and the pleas and defenses available; (4) he was aware of the functions of the court and his rights; and (5) he was able to give a version of the events leading to his arrest, and (6) his memory was intact. Furthermore, Dr. Cox testified that there was no evidence in the parish jail medical records to indicate that the defendant suffered from a mental problem when he was arrested. The only evidence of any mental problems was Dr. Cox's acknowledgement that the defendant stated he had been hospitalized for two or three months two or three years previously. The defense stipulated that Dr. Braden's testimony would be the same as Dr. Cox's; their written report was submitted into evidence.
In State v. Bennett, supra, 345 So.2d at 1138, the Louisiana Supreme Court set forth the factors to be used in determining competency to proceed:
Appropriate considerations in determining whether the accused is fully aware of the nature of the proceedings include: whether he understands the nature of the charge and can appreciate its seriousness; whether he understands what defenses are available; whether he can distinguish a guilty plea from a not guilty plea and understand the consequences of each; whether he has an awareness of his legal rights; and whether he understands the range of possible verdicts and the consequences of conviction. Facts to consider in determining an accused's ability to assist in his defense include: whether he is able to recall and relate facts pertaining to his actions and whereabouts at certain times; whether he is able to assist counsel in locating and examining relevant witnesses; whether he is able to maintain a consistent defense; whether he is able to listen to the testimony of witnesses and inform his lawyer of any distortions or misstatements; whether he has the ability to make simple decisions in response to well-explained alternatives; whether, if necessary to defense strategy, he is capable of testifying in his own defense; and to what extent, if any, his mental condition is apt to deteriorate under the stress of trial. Bennett at 1138.
Under the Bennett standard, the defendant did not meet his burden of proving, even under the preponderance of the evidence standard, that he was incompetent to proceed. There was no evidence presented to show defendant's incapacity under the Bennett criteria. Therefore, appellate counsel cannot be considered ineffective for failing to assign any error on appeal relating to the competency proceedings.[7]
Accordingly, we grant relator's application for writ of certiorari, deny post conviction relief and affirm the ruling of the trial court.
WRIT GRANTED. POST CONVICTION RELIEF DENIED. RULING OF TRIAL COURT AFFIRMED.
JONES, J., concurs with reasons.
JONES, Judge, concurring in the results.
I agree with the majority that post conviction relief must be denied in this case. Since relator presented no evidence to support a finding of incompetency, a discussion on the issue of whether the "clear and convincing evidence" standard or the lesser "preponderance of the evidence" standard should have been used constitutes nothing more than an intellectual exercise. He failed to meet his burden of proof under either standard. Accordingly, I concur in the results.
However, this Court's analysis on the issues of whether Cooper v. Oklahoma, 517 U.S. 348, 116 S.Ct. 1373, 134 L.Ed.2d 498 (1996) is to be applied retroactively and/or whether the claim is barred by La.C.Cr.P. art. 648 is somewhat puzzling. Having reviewed Cooper, I am convinced that no new rule of law was pronounced and that retroactive *696 application of the ruling is indeed warranted. The only new rule involved in this case was the rule set forth by the handful of States who decided to require a defendant to prove his incompetency by "clear and convincing" evidence. Prior to the adoption of that rule, the jurisprudence uniformly provided for proof of incompetency by a mere "preponderance of the evidence" standard.
If this case contained facts which raised serious doubts as to the competency issue, I would decline to hold that La.C.Cr. P. art 648 bars relator from litigating the claim, particularly if the claim is coupled with a colorable claim of ineffective assistance of counsel.
NOTES
[1] The Louisiana Supreme Court adopted the retroactivity analysis of Teague v. Lane in State ex rel Taylor v. Whitley, 606 So.2d 1292 (La.1992), cert. denied 508 U.S. 962, 113 S.Ct. 2935, 124 L.Ed.2d 684 (1993).
[2] The four states noted by the Court were Connecticut, Oklahoma, Pennsylvania, and Rhode Island. The Court did not include Louisiana, although the heightened standard had been adopted in 1990.
[3] In Addington, the Court held that due process places a heightened burden of proof on the State in civil proceedings to commit a person involuntarily.
[4] In Medina v. California, 505 U.S. 437, 112 S.Ct. 2572, 120 L.Ed.2d 353 (1992), the issue was whether any burden of proof could be placed on the defendant.
[5] Oklahoma has reached the same conclusion in Walker v. State, supra.
[6] See also State v. Howard, 93-1254 (La.App. 1 Cir. 4/8/94), 635 So.2d 752, in which the issue was whether the trial court erred in denying a motion for new trial based upon an allegation that the defendant was incompetent on the second day of trial because he had ingested cocaine. In remanding to provide the defense with an opportunity to obtain an expert to interpret test results of blood drawn from the defendant during trial after the cocaine use had come to light, the First Circuit stated: "The burden of proof is on defendant to show by a clear preponderance of the evidence that he was incompetent to proceed because of his cocaine ingestion. After an evidentiary hearing, if defendant satisfies his burden of proof, the trial court should reconsider defendant's motion for new trial." Howard, supra, 635 So.2d at 755.
[7] The State has acknowledged that the procedural bars contained in the post conviction relief statute may be waived when a court feels it necessary in the interest of justice. Should a defendant present evidence that shows a trial court erroneously found him competent to proceed when it was more probable than not that he was incompetent under Bennett, relief could be granted by a trial court or by this Court, and relief could be granted without a finding that counsel was ineffective.