|1AMY, Judge.
On remand from the Louisiana Supreme Court[1], the trial court held a hearing for a retroactive determination of whether the defendant was mentally competent to stand trial for second degree murder in 1994 in light of Cooper v. Oklahoma, 517 U.S. 348, 116 S.Ct. 1373, 134 L.Ed.2d 498 (1996). After a contradictory hearing, the trial court found the defendant was mentally competent at the time of trial, under the appropriate burden of proof. From this decision the defendant appeals. For the following reasons, we affirm.
Factual and Procedural Background
The defendant, Curtis J. Frank, was tried and convicted for second degree murder in December of 1994, for fatally stabbing a man in Ville Platte, Louisiana. Pri- or to trial, the defendant alleged that he was mentally incompetent to proceed to trial. The defendant also asserted that La.Code Crim.P. art. 648, as amended by Acts 1990, No. 755 § 1, was unconstitutional because the “clear and convincing evidence” burden of proof, statutorily required to prove mental incompetency, resulted in a violation of a defendant’s Due Process rights to a fair trial. The trial court rejected this argument and found the article constitutionally valid. A panel of this court in State v. Frank, 93-448 (La.App. 3 Cir. 2/2/94); 631 So.2d 745, writ denied, 94-0508 (La.5/6/94); 637 So.2d 1046, denied the defendant’s writ application which had requested a reversal of the trial court’s ruling. In February 1993, the trial court appointed a sanity commission to interview the defendant. At the initial competency hearing, counsel for both the defendant and the State agreed to submit the written reports of the sanity commission members and their arguments to the trial court for consideration. After reviewing the evidence presented, the trial court found the defendant mentally competent to proceed to trial.
| ¡.As stated above, the defendant was tried and convicted of second degree murder and sentenced to life in prison in December of 1994. On appeal, a panel of this court affirmed the sentence and conviction, again denying the defendant’s assertion that La.Code Crim.P. art. 648 was unconstitutional. See State v. Frank, 95-1101 (La.App. 3 Cir. 4/13/96)(unpublished). Thereafter, in Cooper v. Oklahoma, 517 U.S. 348, 116 S.Ct. 1373, 134 L.Ed.2d 498 (1996), the United States Supreme Court held that the “clear and convincing” burden of proof for a defendant who claims mental incompetency to proceed was unconstitutional. In light of Cooper, the Louisiana Supreme Court granted writs in this matter and remanded the case to the trial court for retrial of the competency hearing to determine whether the defendant had proved his mental ineompetency to proceed to trial by a “clear preponderance of the evidence.” State v. Frank, 96-1136 (La.10/4/96); 679 So.2d 1365.
*840 On remand, the presiding judge reviewed the evidence previously submitted by the sanity commission and ruled on the defendant’s mental capacity without conducting a contradictory hearing. The defendant filed a writ with this court seeking a reversal of the trial judge’s determination. A panel of this court found error in the trial court ruling on the issue based on the record, without a hearing, and remanded the matter for retrial of the competency hearing. State v. Frank, 97-1158 (La.App. 3 Cir. 12/8/97)(unpublished).
On September 18, 1998, a different trial judge held a contradictory hearing to retroactively determine whether the defendant proved mental incompetency by a preponderance of the evidence. At the hearing, the State introduced the testimony and medical reports of the two members of the initial sanity commission, Dr. Phillip Landry and Dr. Charles Fontenot. Both witnesses explained that their original diagnosis of the defendant was that, other than low intelligence and a drug addiction, Lthere was nothing wrong with the defendant’s mental condition at the time he was tried and convicted. Accordingly, the trial court, applying the proper standard for burden of proof, found that the defendant failed to prove by a preponderance of the evidence that he was mentally incapable of understanding the proceedings against him or assisting in his defense.
Counsel for the defendant objected to the finding and gave notice of his intent to seek review in this court. Counsel for the defendant filed a writ application, although the Louisiana Supreme Court had ruled that the defendant could appeal any adverse ruling. Thus, this matter was remanded to the trial court for entry of an order granting an out-of-time appeal. State v. Frank, 98-1661 (La.App. 3 Cir. 6/3/99)(unpublished). The defendant’s appeal of the trial court’s determination of his mental competency to proceed is now properly before this court for consideration.
In the defendant’s brief to this court, he alleges several assignments of error:
1. The court erred when the decision by the District Court conflicts with a decision by the United States Supreme Court where it was held that the record had to reflect that the Court personally observed the appellant and questioned him as to his understanding of proceedings to determine if a “reasonable ground” existed to doubt his mental capacity. See Pate v. Robinson, 86 S.Ct. at 841 quoted in State v. Carney, 663 So.2d [at] 473.
2. The trial court erred when the decision by the District Court conflicts with a decision by the Louisiana State Supreme Court in the case of State v. Nomey, 613 So.2d 157 (La.1993), where the court held that a retroactive sanity hearing could not be held [ ].
3. The trial judge erred when it erroneously interpreted or applied the Constitutional Due Process Requirements of La.C.Cr.P. Article 642 mandating “there shall be no further steps in the criminal prosecution ... until the defendant is found to have the mental capacity to proceed.”
4. The trial judge erred when it exceeded its jurisdiction in allowing further steps in the prosecution when a hearing was not held to Ldetermine if the defendant was competent to proceed as pursuant to La.C.Cr.P. Article 647.
5. The court erred by improperly appointing Dr. Fontenot to the sanity commission to evaluate the defendant based on his previous treatment history with Dr. Fontenot.
6. The court erred in denying appellant’s oral motion for mistrial.
7. The hearing of September 18, 1998 was improper.
*841 Discussion of the Merits

Errors Patent

In accordance with La.Code Crim.P. art. 920, we have reviewed this matter for errors patent on the face of the record of the rehearing which is before this court on appeal. We find no such errors.

Assignment of Error No. 1

In his first assignment of error, the defendant alleges that jurisprudence requires that the trial record must reflect that the trial court personally observed and questioned the defendant as to his understanding of the proceedings against him to determine if there was a reasonable basis to doubt his mental competency. In support of his argument, the defendant relies on State v. Carney, 25,518 (La.App. 2 Cir. 10/13/95); 663 So.2d 470. Although the defendant was not present at the competency hearing on September 18, 1998, we note that counsel for the defendant did not object to his absence.
Our review of this issue and the applicable jurisprudence reveals that the cases advanced by the defendant do not support his contention that a defendant must be present at a competency hearing and personally observed by the trial court. In Carney, the second circuit ruled that the trial judge should not have allowed the defense attorney to withdraw the defendant’s request for a mental competency | shearing without at least personally observing and questioning the defendant about his decision, to determine whether a knowing and intelligent waiver could be made. Id. Conversely, in the present matter, a hearing at which the defendant was represented by counsel, was held to determine the defendant’s mental competency.
Further, we find that La.Code Crim.P. art. 834, addresses this issue and sets forth the proceedings at which the defendant’s presence is not necessary. It states:
The defendant has a right to be present, but his presence is not essential to the validity of any of the following proceedings in a criminal prosecution:
(1) The making, hearing of, or ruling on a preliminary motion or application addressed to the court;
(2) The making, hearing of, or ruling on a motion or application addressed to the court during the trial when the jury is not present; except as provided in Clause (4) of Article 831; and
(3) The making, hearing of, or ruling on a motion or application made after his conviction.
A hearing to determine mental competency is the result of a preliminary motion addressed to the trial court. State v. McClintock, 535 So.2d 1231 (La.App. 3 Cir.1988), writ granted on other grounds, 538 So.2d 606 (La.1989). See La.Code Crim.P. art. 642. See also State v. Hernandez, 98-448 (La.App. 5 Cir. 5/19/99); 735 So.2d 888, writ denied, 99-1688 (La.11/12/99); 750 So.2d 194; State v. Ellis, 529 So.2d 122 (La.App. 4 Cir.1988). Thus, we conclude that there is no statutory requirement that a defendant must be present at a competency hearing.
Moreover, jurisprudence indicates that there is no violation of a defendant’s constitutional due process rights when he is absent from competency hearings. In addressing the issue of a defendant’s right to be present at such preliminary hearings, the Louisiana Supreme Court in State v. Kahey, 436 So.2d 475, 483-84 (La.1983), explained:
| fiPresence of the defendant is a condition of due process to the extent that a fair and just hearing would be thwarted by his absence, and to that extent only. Therefore, the presence of the defendant is only essential at proceedings which have a reasonably substantial relation to the fullness of the opportunity of the defendant to defend against the charge. Snyder v. Commonwealth of Massachusetts, 291 U.S. 97, 54 S.Ct. 330, 78 L.Ed. 674 (1934). From -this principle has emerged the general rule that no claim of error, or at least no claim of prejudicial error, can be based upon the exclu *842 sion of absence of a defendant, pending his trial on a criminal charge, from the courtroom, or from a conference between court and attorneys, during argument on or discussion of a question of law. See C. Torcia, Wharton’s Criminal Procedure § 483 at 342 (12th ed.1975); 85 A.L.R.2d 1111, 1114. Cf. State v. Monk, 315 So.2d 727 (La.1976); State v. LeBlanc, 116-La,-822, 41 So. 105 (1906); State v. Pierre, 39 La.Ann. 915, 3 So. 60 (1887).
The Louisiana rule affords the defendant greater rights. Louisiana Code of Criminal Procedure article 834 provides that the defendant has the right to be present during the making, hearing of, or ruling on a preliminary motion or application addressed to the court. But this right may be waived by the defendant or his attorney, by his voluntary absence or his failure to object to argument or discussion during his absence. See Deschenes v. United States, 224 F.2d 688 (10th Cir.1955). Cf. La.C.Cr.P. art. 831(6); Torcía, supra, at 388, 342.
(Emphasis added.)
After examining the record before us, we find that no objection was entered by the defendant’s attorney as to the defendant’s absence from the hearing nor is there any indication that the defendant was legally prohibited from attending the hearing. We find such actions to suffice as a waiver by the defendant of his right to be present at the hearing and, accordingly, we find this assignment of error meritless.

Assignment of Error No. 2,6, & 7.

In assignments of error two, six, and seven, the defendant essentially argues that a competency hearing conducted to retroactively determine a defendant’s competency to proceed to trial is improper and in violation of the holding set forth in State v. Nomey, 613 So.2d 157 (La.1993). The Louisiana Supreme Court in its decision in Nomey, did not bar all retroactive or nunc pro tunc competency hearings. |7The supreme court focused its discussion on those situations wherein the issue of the defendant’s mental competency to stand trial has been raised, but, a plea is later entered without a contradictory hearing on the issue. The supreme court specifically explained that:
Hence, under certain limited circumstances, a retroactive determination of sanity may be permissible. Likewise, we do not mean to foreclose the possibility of a nunc pro tunc competency hearing, if a meaningful inquiry into defendant’s competence can still be had....
Id. at 161, n. 8. See also State v. Snyder, 98-1078 (La.4/14/99); 750 So.2d 832; State v. Bennett, 345 So.2d 1129 (La.1977).
In the instant matter, the opinion issued by the supreme court remanding this matter to the trial court specifically vacated the previous trial court’s ruling on the defendant’s mental competency and ordered that this case be remanded for “retrial of the competency hearing.” Frank, 96-1136, p. 1; 679 So.2d at 1366. Given such a clear mandate from the supreme court, we find no error in the trial court conducting a competency hearing in this matter and, accordingly, find these assignments of error to be without merit.
Assignments of Error No. 3 andj,).
The defendant combined these assignments of error claiming that he should have initially been found to be mentally incompetent to proceed to trial and that all farther proceedings should have ceased. He alleges that no hearing was originally held to determine his competency and, thus, the trial court committed reversible error in proceeding to trial. Further, the defendant contends that an attempt to determine the defendant’s competency now is impossible, and the entire case “should be declared null and void and the defendant’s conviction overturned.”
I «Again, we find the facts of this case do not entitle the defendant to the relief sought. After the issue was raised as to whether the defendant was competent to stand trial, the trial court ceased all pro *843 ceedings and ordered that the defendant be examined by the sanity commission. A hearing was held in 1993 at which counsel for the defendant and for the State agreed to submit the matter to the trial court on written reports of the sanity commission members and the arguments of counsel. Thereafter, the trial court determined that the defendant failed to prove his mental incompetency to proceed to trial, albeit under the higher standard in place at that time. The defendant was tried and convicted of second degree murder. The defendant sought review of the initial competency determination, sentence and conviction with this court and the supreme court, which led to the retrial of the hearing presently before the court. See Frank, 96-1136, 679 So.2d 1365. The defendant’s conviction and sentence were affirmed by this court and the writ application to the supreme court was granted only as to the competency hearing and denied in all other respects. See id. We have discussed above the validity of the hearing ordered by the supreme court and again find that it was legally proper under the facts of this case and in accordance with the ruling of the supreme court. Id. The defendant has offered no evidence to rebut the testimony of the sanity commission or any sufficient evidence to require the trial court to conclude that he was mentally incompetent to stand trial in 1994. Therefore, we find the defendant’s argument meritless.

Assignment of Error No. 5

Finally, we address the defendant’s contention that the court improperly appointed Dr. Fontenot to the sanity commission because he had previously treated the defendant for unrelated ailments and, because as parish coroner at the time the [3murder occurred, he may have performed the autopsy on the victim. Such factors, the defendant alleges, create a conflict of interest which should have prevented Dr. Fontenot from participating as a member of the sanity commission.
La. Code Crim.P. art. 644(A) states, in part, that:
[T]he court shall appoint a sanity commission to examine and report upon the mental condition of the defendant. The sanity commission shall consist of at least two and not more than three members who are licensed to practice medicine in Louisiana, who have been in the actual practice of medicine for not less than three consecutive years immediately preceding the appointment, and who are qualified by training or experience in forensic evaluations.
The trial court’s ordering of a mental examination by a sanity commission does not deprive the defendant of his right to seek an independent medical examination by a doctor of his choice. La.Code Crim.P. art. 646.
At the time the trial court appointed Dr. Fontenot in 1993, he had been practicing medicine for approximately twenty consecutive years and was then serving as coroner of Evangeline Parish. Thus, Dr. Fon-tenot was legally qualified to serve on the sanity commission. The defendant does not explain how he was prejudiced by Dr. Fontenot’s contact with him or the victim prior to his examination of the defendant. Nor does the defendant offer any evidence to prove Dr. Fontenot’s findings are false, medically unreliable, or influenced by the alleged conflict.
The defendant expressed concern with Dr. Fontenot’s testimony to the trial court. We conclude that the defendant’s allegations of conflict of interest are related to the credibility of Dr. Fontenot’s testimony and the weight which the trial court gave his opinion, since the final determination of mental competency is a legal issue decided by the trial court. We find no reversible error in allowing Dr. Fontenot to serve as a member of the sanity commission in this matter or testifying at the competency hearing. Thus, we find this assignment of error to be without merit.
*844 ImDECREE
For the foregoing reasons, the trial court’s determination that the defendant failed to prove his mental incompeteney to proceed to trial by a preponderance of the evidence is affirmed.
AFFIRMED.

. State v. Frank, 96-1136 (La.1/4/96); 679 So.2d 1365.