STATE OF LOUISIANA                    NO. 24-K-30

VERSUS                               FIFTH CIRCUIT

CARLOS WASHINGTON                    COURT OF APPEAL

                                     STATE OF LOUISIANA

_____ April 15, 2024 _____

Susan Buchholz
Chief Deputy Clerk

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Susan S. Buchholz
Chief Deputy, Clerk of Court

**IN RE** STATE OF LOUISIANA
_____

**APPLYING FOR** SUPERVISORY WRIT FROM THE TWENTY-THIRD JUDICIAL DISTRICT COURT, PARISH OF ST JAMES, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE KATHERINE TESS STROMBERG, DIVISION "C", NUMBER 8602
_____

Panel composed of Judges Marc E. Johnson,
Stephen J. Windhorst, and John J. Molaison, Jr.

**WRIT GRANTED; STAY LIFTED**

In this writ application, the State seeks review of the trial court's denial of its

Motion to Disqualify Dr. Janet E. Johnson. For the following reasons, we grant

this writ application.

According to the writ application, on April 27, 2021, a grand jury returned

an indictment charging the defendant, Carlos L. Washington, a/k/a Carlos

Washington, with second-degree murder in violation of La. R.S. 14:30.1 (count

one), attempted second-degree murder in violation of La. R.S. 14:27(30.1) (count

two), possession of a firearm by a convicted felon in violation of La. R.S. 14:95.1

(count three), and second-degree cruelty to juveniles in violation of La. R.S.

14:93.2.3 (count four).

On October 25, 2021, the defense counsel filed a Motion for Competency

Hearing. The trial judge granted the motion to appoint a sanity commission and

appointed three doctors, one of whom was Dr. Janet E. Johnson. Dr. Johnson

24-K-30

provided a report to the court regarding the defendant's competency to proceed. On April 24, 2023, the defense counsel filed a Notice of Change in Plea Pursuant to Louisiana Code of Criminal Procedure Articles 651[1] and 726.[2] Counsel provided that the defendant intended to introduce testimony relating to mental disease, defect, or other condition about whether he had the mental state required for the offenses charged, according to La. C.Cr.P. art. 726. He further stated that he was amending any prior "not guilty" pleas to pleas of "not guilty and not guilty by reason of insanity."

On September 21, 2023, the State filed a Motion to Disqualify Dr. Janet E. Johnson, stating that Dr. Johnson rendered a report regarding the defendant's competency to proceed on February 17, 2022, and that in April 2023, the defense hired Dr. Johnson. In connection with her retention by the defense, Dr. Johnson conducted a subsequent evaluation and report of the defendant on April 10, 2023. Relying on La. C.Cr.P. arts. 646, 650, and 653,[3] the State asserts that Dr. Johnson forfeited her independent status when hired by the defense, making it impossible for Dr. Johnson to be an independent witness in her role in the sanity commission and a hired defense witness at trial. The State argued that Dr. Johnson should be disqualified from the sanity commission and as a defense witness and that a new sanity commission be appointed to conduct an independent evaluation of the defendant's mental capacity to proceed and his mental condition at the time of the offenses.

In opposing the State's motion, the defense argued that there was no basis in law to disqualify Dr. Johnson, noting that the State did not cite any case law supporting its position. Counsel averred that the State misinterpreted the language

---

[1] La. C.Cr.P. art. 651 provides the law regarding the method of trial when the defense of insanity at the time of offense is available.

[2] La. C.Cr.P. art. 726 provides the law on defense notification to the district attorney regarding defendant's mental condition at the time of the offense.

[3] *See* below for a description of those articles.

2

of La. C.Cr.P. art. 646. Counsel asserted that the term "independent," as used in La. C.Cr.P. art. 646 does not speak to whether the physician has any biases but rather to the ability of the parties to obtain a doctor of their choosing and not to be forced to rely on any physician obtained by the court. The defense contended that the court retained Dr. Johnson to determine the defendant's competency to proceed and that the defense did not retain her then. Counsel asserted Dr. Johnson's duty to the court ended after evaluating and finding the defendant competent to proceed to trial and that it was proper for the defense to retain her to assess the defendant's sanity at the time of the offense. In denying the State's motion in an order dated November 15, 2023, the trial judge stated in pertinent part:

> The language of 646 allows the State or defense to retain the doctor of it choosing to conduct the mental examination. The term "independent" does not speak to whether the doctor would have any biases but rather allows the parties to obtain a doctor of their choosing and not be forced to rely on a doctor obtained by the court.

> In *State v. Frank,*[4] the Third Circuit Court of Appeal for Louisiana stated, "The trial court's ordering of a mental examination by a sanity commission does not deprive the defendant of his right to seek an independent medical examination by a doctor of his choice. La. Code Crim. P. art. 646. In that matter, the doctor appointed to the sanity commission had previously treated the defendant for unrelated ailments and may have performed the autopsy of the victim. The court explained that the doctor was legally qualified to serve on the sanity commission.[5] The court further explained that the defendant does not explain how he was prejudiced by the doctor's contact with him or the victim prior to the examination or offer any evidence to prove the doctor's findings are false, medically unreliable, or influenced by the alleged conflict.[6]

> Although there is no law for the court to make a determination of the motion, *State v. Frank*[7] is persuasive as to what this court should consider in making a determination of should Dr. Janet Johnson be disqualified. This court secured Dr. Johnson's services for the purpose of determining the defendant's competency to proceed. At that time, Dr. Johnson was not retained by the defense.

> Furthermore, Dr. Johnson's duty ceased upon completion of the evaluation and the restoration of the defendant to competency.

---

[4] *State v. Frank*, 1999-903, p. 9 (La. App. 3 Cir. 2/22/00), 758 So.2d 838, *writ denied*, 2000-0696 (La. 9/29/00); 769 So.2d 1219.
[5] *Id.*
[6] *Id.*
[7] *Id.*

Louisiana Code of Criminal Procedure article 653 states: "Upon the trial of the defense of insanity at the time of the offense, the members of the sanity commission may be called as witnesses by the court, the defense, or the district attorney. Regardless of who calls them as witnesses, the members of the commission are subject to cross-examination by the defense, by the district attorney, and by the court." The State presented no reasoning as to why the employment of Dr. Johnson would prevent her from testifying, or that her findings are false, medically unreliable, or influenced by any biases beyond merely stating it would be impossible for Dr. Johnson to be an independent witness and defense witness. Without further reasoning or evidence this court cannot disqualify Dr. Johnson. Therefore, the Motion to Disqualify Dr. Janet Johnson is denied.

This timely writ application followed. This Court granted the State's Motion to Stay pending resolution of this writ disposition. The transcript of the hearing on the motion at issue supplemented the writ application, and the defendant filed a response to the writ application.

In this writ application, the State argues that the trial court erred by denying its Motion to Disqualify Dr. Janet E. Johnson and erroneously interpreted the plain language of La. C.Cr.P. arts. 646 and 653. The State contends that because Dr. Johnson is a court-appointed member of the sanity commission and a potential witness at the defendant's trial, her obligations are not satisfied until the trial of this matter has concluded. Additionally, the State asserts that Dr. Johnson must provide an independent evaluation of the defendant; however, the State contends that since Dr. Johnson has become employed by the defendant, her independent status is forfeited, and she has become a paid defense expert. As such, the State requests that this court grant its writ and reverse the trial court's ruling denying the disqualification of Dr. Johnson as both a court-appointed sanity commission member and a defense expert.

Defense counsel responds that the trial court did not err by denying the State's motion, arguing that La. C.Cr.P. art. 646 allows the defense to hire an

4

expert witness of its own choice and that the La. C.E. art. 702(A)[8] governs the qualification of an expert witness. The defense contends that, as used in Article 646, the term "independent" does not refer to any potential bias of the witness; instead, the defense has the right to hire an expert of its choosing.

The defense asserts that La. C.Cr.P. art. 653 permits the testimony of sanity commissioner members, but it does not bar defense counsel from retaining a member as an expert witness. He explained that the court-appointed Dr. Johnson to examine the defendant to determine his competency to proceed. However, the defense retained Dr. Johnson to conduct a separate examination to assess the defendant's sanity at the time of the offense. The defense counsel asserts that the State is citing law (Article 653 in Title 2) that pertains to members of a sanity commission testifying at trial regarding sanity at the time of the offense. He contends that this procedure is separate from the sanity commission appointed under Title 1 regarding competency to proceed to trial. Defense counsel argues that Dr. Johnson remains available as a witness at trial and that the State has not provided evidence that the doctor's previous finding has been changed, altered, or made unavailable to the State by the subsequent sanity examination.

The defense counsel further argues that under the Sixth Amendment, fundamental fairness requires that the defense be permitted to present its witness to establish a defense. Disqualifying the expert witness hired by defense counsel would impinge upon this constitutional right. He also asserts that bias is more appropriately explored through the cross-examination of a witness and determined by the trier of fact. Defense counsel argues that bias is not a ground to disqualify a

---

[8] La. C.E. art. 702 provides in pertinent part:
>    A. A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>    (1) The expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>    (2) The testimony is based on sufficient facts or data;
>    (3) The testimony is the product of reliable principles and methods; and
>    (4) The expert has reliably applied the principles and methods to the facts of the case[.]

witness from testifying and that bias goes to the weight of the testimony and not to one's qualifications. The defense counsel concludes that the trial court did not err and urges this court to deny the State's writ application.

Title 21 of the Code of Criminal Procedure is titled "Insanity Proceedings;" Chapter 1 of Title 21 is titled "Mental Incapacity to Proceed." In Chapter 1, La. C.Cr.P. art. 643 provides that the court shall order a mental examination when it has reasonable ground to doubt the defendant's mental capacity to proceed. Also, in Chapter 1, La. C.Cr.P. art. 644 provides that the court shall order a sanity commission to examine and report upon the mental condition of the defendant.

Further contained in Chapter 1 is La. C.Cr.P. art. 646, which provides:

**Art. 646. Examination by physician retained by defense or district attorney**

The court order for a mental examination shall not deprive the defendant or the district attorney of the right to an independent mental examination by a physician or mental health expert of his choice, and such physician or mental health expert shall be permitted to have reasonable access to the defendant for the purposes of the examination.

Chapter 2 of Title 21 is titled "Defense of Insanity at Time of Offense" and contains La. C.Cr.P. art. 650, which provides:

**Art. 650. Mental examination after plea of insanity**

When a defendant enters a combined plea of "not guilty and not guilty by reason of insanity," the court may appoint a sanity commission as provided in Article 644 to make an examination as to the defendant's mental condition at the time of the offense. The court may also order the commission to make an examination as to the defendant's present mental capacity to proceed. Mental examinations and reports under this article shall be conducted and filed in conformity with Articles 644 through 646.

La. C.Cr.P. art. 653, which is also found in Chapter 2, provides:

**Art. 653. Testimony of members of sanity commission**

Upon the trial of the defense of insanity at the time of the offense, the members of the sanity commission may be called as witnesses by the court, the defense, or the district attorney. Regardless of who calls them as witnesses, the members of the

6

commission are subject to cross-examination by the defense, by the district attorney, and by the court. Other evidence pertaining to the defense of insanity at the time of the offense may be introduced at the trial by the defense and by the district attorney.

No cases are directly on point. As such, we will rely on the jurisprudence regarding statutory interpretation.

In *State v. Oliphant*, 12-1176 (La. 3/19/13), 113 So.3d 165, 168, the Louisiana Supreme Court set forth the law on statutory interpretation:

> The interpretation of any statutory provision starts with the language of the statute itself. *Oubre v. Louisiana Citizens Fair Plan*, 11-0097, p. 11 (La. 12/16/11), 79 So.3d 987, 997. When the provision is clear and unambiguous and its application does not lead to absurd consequences, its language must be given effect, and its provisions must be construed so as to give effect to the purpose indicated by a fair interpretation of the language used. La. Civ. Code art. 9; La. Rev. Stat. § 1:4; *In re Clegg*, 10-0323, p. 20 (La. 7/6/10), 41 So.3d 1141, 1154. Unequivocal provisions are not subject to judicial construction and should be applied by giving words their generally understood meaning. La. Civ. Code art. 11; La. Rev. Stat. § 1:3; *see also Snowton v. Sewerage and Water Bd.*, 08-399, pp. 5-6 (La. 3/17/09), 6 So.3d 164, 168. Words and phrases must be read with their context and construed according to the common and approved usage of the language. La. Rev. Stat. § 1:3.

> Moreover, it is well-established criminal statutes are subject to strict construction under the rule of lenity. *State v. Carr*, 99-2209, p. 4 (La. 5/26/00), 761 So.2d 1271, 1274. Criminal statutes, therefore, are given a narrow interpretation, and any ambiguity in the substantive provisions of a statute as written is resolved in favor of the accused and against the State. *State v. Becnel*, 93-2536, p. 2 (La. 5/31/96), 674 So.2d 959, 960.

> When the language of the law is susceptible to different meanings, it must be interpreted as having the meaning that best conforms to the law's purpose. La.C.C. art. 10. When the words of a law are ambiguous, their meaning must be sought by examining the context in which they are used and the law's text as a whole. La.C.C. art. 12.

The trial court granted the defense's motion to appoint a sanity commission in this case. It appointed three doctors, one of whom was Dr. Johnson, to conduct an independent examination of the defendant. Dr. Johnson reported on the defendant's competency on or about February 17, 2022. In April of 2023, the defendant hired Dr. Johnson. According to the State, Dr. Johnson conducted a

7

subsequent evaluation on or about April 10, 2023, and prepared a report. On April 24, 2023, defense counsel filed a Notice of Change in Plea Pursuant to Louisiana Code of Criminal Procedure Articles 651 and 726. On September 21, 2023, the State filed a Motion to Disqualify Dr. Janet E. Johnson, which the trial court denied.

First, there is no documentation in the writ application regarding the defendant being found incompetent or restoring his competency. This writ application and the trial judge's reasons for judgment indicate that the defendant is competent. Hence, according to the writ application, the defendant has been found competent to proceed and has entered a combined plea of "not guilty and not guilty by reason of insanity." When a defendant enters such a plea, the court may appoint a sanity commission, as it did in this case, to examine the defendant's mental condition at the time of the offense and to examine his present mental capacity to proceed. The members of the sanity commission are experts who advise and assist the court in its decision regarding the defendant's mental capacity. *State v. Breaux*, 337 So.2d 182, 184 (La. 1976). Thus, regardless of whether the defendant has been found competent to proceed, Dr. Johnson's duties have not been completed. During these proceedings, the court may call upon members of the sanity commission, including Dr. Johnson, to re-evaluate the defendant's competency to proceed.[9]

Dr. Johnson has a conflict of interest in that she cannot be a member of the sanity commission appointed by the trial court to evaluate the defendant's competency to proceed, a member of the sanity commission tasked with re-

---

[9] *See State v. Chatman*, 54,590 (La. App. 2 Cir. 11/16/22), 351 So.3d 876. In that case, the State moved for the appointment of a sanity commission, and the trial court appointed Dr. Marc Colon and Dr. Todd Lobrano. After evaluating defendant's mental condition, both doctors opined defendant was competent to assist in his defense. Later, the trial court ordered a re-evaluation by the same doctors, Dr. Colon and Dr. Lobrano, who opined defendant was able to distinguish right from wrong at the time of the offense and could assist in his defense. *See also State v. Teasley*, 23-159 (La. App. 3 Cir. 1/31/24), 2024 WL 358885 (not designated for publication), where the defendant was re-evaluated by a sanity commission regarding his competency to proceed.

evaluating the defendant's competency during these proceedings, and an expert, hired and compensated, by the defense to testify at trial regarding the defendant's sanity at the time of the offense.[10] These roles are now tainted.

Also, Article 646 provides that the trial court's order for a mental examination shall not deprive the defendant or the district attorney of the right to an independent mental examination by a physician or mental health expert of his choice. "Independent" is defined as "not subject to the control or influence of another" or "not associated with another entity." Black's Law Dictionary (11th ed. 2019). In *Snowden v. Voyager Indemnity Ins. Co.*, 01-0359 (La. App. 1 Cir. 5/24/02), 825 So.2d 1223, *writ denied*, 02-1710 (La.10/04/02), 826 So.2d 1127, the court found that the plaintiff's expert witness was not an independent witness because the plaintiff hired him. Due to Dr. Johnson being appointed as an expert to advise the court on the defendant's mental capacity, she became associated with the court. Hence, she is not "independent" after being hired by the defense because she was not unrelated or unaffiliated with this case.

Further, article 646 states that such physician or mental health expert shall be permitted to have reasonable access to the defendant for the purposes of the examination. This part of the statute advises that the "independent" physician or mental health expert has not already had access to the defendant. Dr. Johnson had access to the defendant when she examined him as a court-appointed expert on the sanity commission. Moreover, because the defense now compensates Dr. Johnson for her opinions regarding the defendant's competency during the offense, she is influenced by the defense. She cannot be considered independent from her role as a court-appointed expert of the sanity commission.

---

[10] The conditions and nature of her appointment as a sanity commission member were not included in the writ application.

9

The trial court relied upon *Frank*, *supra*, to support its ruling; however, that case is inapplicable from the instant case.  In *Frank*, *supra*, the doctor on the sanity commission had previously treated the defendant for ailments unrelated to that case.  In contrast, in this case, Dr. Johnson sat on the sanity commission and rendered an expert opinion on the defendant's competency to proceed, after which the defense hired her as their expert to examine the defendant and render an opinion regarding his sanity at the time of the offense.

For the preceding reasons, the trial court abused its discretion by denying the State's Motion to Disqualify Dr. Janet E. Johnson.  Accordingly, we vacate and set aside the trial court's denial of the State's Motion to Disqualify Dr. Janet E. Johnson.  The stay of proceedings issued by this Court on January 19, 2024, is lifted, and this matter is remanded this matter for further proceedings.

Gretna, Louisiana, this 15th day of April, 2024.

**JJM**
**SJW**

STATE OF LOUISIANA                                    NO. 24-K-30

VERSUS                                                FIFTH CIRCUIT

CARLOS WASHINGTON                                     COURT OF APPEAL

                                                      STATE OF LOUISIANA


**JOHNSON, J., DISSENTS WITH REASONS**


I respectfully dissent from the majority's disposition and find that the trial court did not abuse its discretion in denying the State's motion to disqualify Dr. Janet E. Johnson.

> Louisiana Code of Criminal Procedure article 561 provides:
>
> The defendant may withdraw a plea of "not guilty" and enter a plea of "not guilty and not guilty by reason of insanity," within ten days after arraignment. Thereafter, the court may, for good cause shown, allow such a change of plea at any time before the commencement of the trial.

"The 'good cause' of Article 561 is shown when the defendant produces an indicia of insanity and shows the plea is not changed as a dilatory tactic to achieve a strategic advantage." *State v. Noel*, 16-43 (La. 10/18/17), 236 So.3d 523, 525. According to the writ application, Defendant met his burden and successfully changed his plea. However, under the criminal code, whether a sanity commission was convened to evaluate Defendant's mental condition at the time of the offense was within the sound discretion of the district court; *See State v. Clark*, 305 So.2d 457, 458 (La. 1974); La. C.Cr.P. art. 650 (the court *may* appoint a sanity commission . . . (emphasis added)).

In *State v. Gray*, 248 So.2d 313, 318 (La. 1971), the Court found that the trial court did not commit error when it did not allow a defendant facing an attempted murder charge to hire the physician of his choice to perform an mental examination.

24-K-30

Although the indigent defender board had funds available to retain an independent expert, a two-member sanity commission had previously found Gray competent to stand trial. In his dissent, Justice Barham noted that the "errors in this case emanate in large part from the erroneous assumption apparently held by all involved that there had been a sanity commission inquiry into whether defendant was sane or insane at the time the offense was committed." He continued:

> On the assumption that the defendant knew that the physicians who had examined him on the sanity commission for present capacity would testify adversely to his plea of insanity at the trial (and I think the assumption is safe), the court had foreclosed the possibility of his presenting any convincing evidence to the contrary. [ . . . ] If the State had been dissatisfied with a sanity commission finding, it could have presented additional and even contrary expert evidence to defeat the plea. A defendant financially able could present contrary expert testimony to support his plea.

*Gray*, 248 So.2d at 321.

In this case, it appears that the defense surmised that Dr. Johnson's testimony and report would be helpful to prove that Defendant was insane at the time of the offense beyond a preponderance. Thus, the defense chose to take proactive steps towards ensuring the jury has a chance to consider that evidence, instead of leaving the matter to the discretion of the trial court. See La. C.Cr.P. arts. 650, 652-653; *State v. Link*, 301 So.2d 339, 341 (La. 1974). The reports of the sanity commission were not included with the writ application. However, according to the October 2023 hearing transcript, the defense retained Dr. Johnson as a witness after her report on Defendant's competence to stand trial was submitted to the court, and after the defense's search for an independent doctor to evaluate whether Defendant was sane at the time of the offense.

"Once the commission's investigation as to the sanity of the accused has been completed, the only duty imposed upon its members by the statute is that 'They shall within thirty days make their reports in writing to the presiding judge.'" *Gray*, 248 So.2d at 318, citing *State v. Faciane*, 99 So.2d 333, 340 (La.

2

1957). Because the criminal code states plainly states that either side, or the court, can call sanity commission members as a witness, subject to cross-examination by the same, I find that the district court did not abuse its discretion, or err, in denying the State's motion to disqualify Dr. Johnson as a witness. The district court granted the State's motion to appoint the sanity commission to evaluate Defendant's mental condition at the time of the offense; the State also still may request an independent evaluation of Defendant's mental state at the time of the offense. *See Clark, 305 So.2d* at 458; *Gray*, *supra.*

Further, "[d]isinterested physicians within the contemplation of the law, obviously, are those who are free of prejudice and bias and are not directly interested in the outcome of the prosecution." *Layton*, 46 So.2d at 40. Courts have found that medical professionals that have provided services to defendants before the commission of the offense can serve as members of the sanity commission. *See State v. Frank,* 99-903 (La. App. 3 Cir. 2/22/00), 758 So.2d 838, *writ denied*, 00-696 (La. 9/29/00); 769 So.2d 1219; *State v. Pravata*, 522 So.2d 606, 614 (La. App. 1st Cir. 1988). The Supreme Court has previously found that physicians listed on the back of the indictment as "State witnesses" were not disqualified from later serving as sanity commission members. *State v. Layton*, 46 So.2d 37, 40 (La. 1950). The Court has also previously found that presenting such witnesses as "[Defendant's] witnesses" instead of the court's witness did not prejudice the defendant. *See State v. Chinn*, 87 So.2d 315, 326 (La. 1955).

In a civil case, the Third Circuit observed:

> [t]he importance to any litigant of cross-examination of a crucial expert witness cannot be overstated. The 'expert is generally a person of high intelligence, experienced in expressing his ideas persuasively, and extensively more knowledgeable about his field than the cross-examiner.' More importantly, in instances where the basis of an expert opinion (whether iterated by a charlatan or a prince) is beyond the common knowledge of the jury, the jury can be

3

deprived of the ability to objectively and rationally evaluate the merit of the expert's opinion. It is precisely in such instances that a retained expert's 'apparent objectivity' can carry 'undue weight' with the jury.

Thus, precautions must be taken lest a retained expert's testimony, "dressed up and sanctified as the opinion of an expert," be permitted to unduly influence the jury. These precautions include enabling parties litigant to discover an expert's bias by discovery or subpoena, to present evidence of such bias to the trier of fact **and, in extreme cases, to have the expert's testimony declared inadmissible.**

*White v. State Farm Mut. Auto. Ins. Co.*, 95-551 (La. App. 3 Cir. 7/17/96), 680 So.2d 1, 5, *citing Rowe v. State Farm Mut. Auto. Ins. Co.*, 95-669 (La. App. 3 Cir. 3/6/96), 670 So.2d 718, 725, *writ denied,* 96-824 (La. 5/17/96); 673 So.2d 611. (Emphasis in original). In *White*, the court found that the trial court abused its discretion when it ordered that the plaintiff be compelled to submit to a physical examination by a physician for whom the court observed "the abundance of jurisprudence show[ed] bias and prejudice and a documented history of advocacy against injured litigants" and noted the physician's "long history of partiality".

To contrast, in this case, the State has offered no evidence to support its conclusion that Dr. Johnson has a conflict of interest, or to show that she is not a "disinterested physician". One cannot assume that reputable physicians "would [will]fully violate professional ethics by refusing to change their medical findings [if] a later examination warranted a different conclusion." *State v. Layton*, 46 So.2d 37, 66-67 (La. 1950). On the showing made, I find no reason to doubt that Dr. Johnson has followed, and will continue to follow, the ethics and standards of her profession in regards to her participation in the case. Accordingly, I would deny the writ.

**MEJ**

4

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN
TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS
DAY **04/15/2024** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF
THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY
COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**24-K-30**

### E-NOTIFIED
23rd Judicial District Court (Clerk)
Hon. Katherine Tess Stromberg (DISTRICT JUDGE)
Gregory Q. Carter (Respondent)

### MAILED
Adam J. Koenig (Relator)
Assistant District Attorney
23rd Judicial District Court
Post Office Box 66
Convent, LA 70737

Honorable Ricky L. Babin (Relator)
District Attorney
Post Office Box 66
Convent, LA 70737